IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-25-BO

| | |
|---|---|
| DABEERUDDIN KHAJA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| FATIMA HUSNA, | ) |
| | ) |
| Defendant. | ) |

This matter is a proceeding relating to a subpoena for documents and testimony (*see* D.E. 6-1 at 6-7) issued from Wake County District Court on 11 December 2012 to David Russell ("Russell") as District Liaison to United States Representative David E. Price by plaintiff Dabeeruddin Khaja ("plaintiff") in a divorce proceeding by him against defendant Fatima Husna ("defendant"). The information sought by the subpoena concerns communications between Representative Price's office and defendant and between Price's office and any federal agency or other third party relating to plaintiff or defendant. Russell, a nonparty in the state case, removed the subpoena proceeding to this court on 10 January 2013 (*see* D.E. 6-1 at 2-4),[1] pursuant to 28 U.S.C. § 1442 (as amended effective 2 Jan. 2013), and filed a motion to quash the subpoena (D.E. 4). Defendant, who is pro se,[2] also filed a motion to quash (D.E. 14). Plaintiff filed a motion to compel (D.E. 9). The motions were referred to the undersigned for determination, pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entries dated 15 Feb. 2013 and 8 Apr. 2013).

---

[1] The notice of removal, together with copies of the subpoena and the objections to it, were originally filed at D.E. 1, but re-filed at D.E. 6-1 pursuant to the deficiency notice from the Clerk dated 18 Jan. 2013.

[2] Defendant filed a motion (D.E. 13) to correct the docket sheet to list her as pro se and delete the listing of her former attorney in the underlying state divorce case as her counsel in this case. The motion is well taken; the attorney in the state case never entered an appearance in this proceeding. Defendant's motion to correct the docket sheet, which was referred to the undersigned for determination (*see* Minute Entry dated 8 Apr. 2013), is therefore ALLOWED and the Clerk is DIRECTED to revise the docket sheet as defendant requests, using the updated contact information provided in her motion.

Although plaintiff contends that § 1442 does not authorize removal of proceedings such as this, it plainly does so. Specifically, subsection (a)(1) provides for removal of "[a] civil action . . . that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Russell is a person acting under an officer of the United States in his official capacity, and the subpoena relates to acts under color of his office. Subsection (d) defines "civil action" to include "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." *Id.* § 1442(d).

Under well-established principles, sovereign immunity precludes the relief plaintiff seeks:

> [A]n order of a state court seeking to compel a federal official to comply with a state court subpoena is an action against the United States, subject to the governmental privilege of sovereign immunity. Unless such immunity is waived, the state court lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction. And because a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, the federal court can acquire no jurisdiction to enforce a state court subpoena or order upon removal.

*United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999) (internal quotations and citations omitted) (citing, *e.g.*, *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989)). The doctrine of sovereign immunity applies to officials of Congress acting in their official capacities. *See, e.g., Rockefeller v. Bingaman*, 234 Fed. Appx. 852, 855 (10th Cir. 2007).

Here, Russell has not waived sovereign immunity. To the contrary, he expressly objected to the subpoena on this ground, among others, pursuant to House of Representatives Rule VIII

2

("House Rule VIII"),[3] which requires that the issuance of a subpoena be "a proper exercise of jurisdiction by the court." House Rule VIII, cl. 3; (Russell's Obj. to Sub. (D.E. 6-1 at 9-11) ¶ 1); *see also* House Rule VIII, cl. 8 ("Nothing in this rule shall be construed to deprive, condition, or waive the constitutional or legal privileges or rights applicable or available at any time to a Member . . . or employee of the House . . . or the right of such Member . . . or employee . . . to assert such privileges or rights before a court in the United States."). Russell also asserts sovereign immunity as a basis for his motion to quash. (Russell's Mem. (D.E. 5) 4-6; Russell's Reply Mem. (D.E. 11) 2-3). Notably, plaintiff appears to concede that sovereign immunity would bar the relief he seeks if the subpoena proceeding were removable under § 1442, which, as discussed, it clearly is. (Pl.'s Mem. 2 ("Mr. Russell's arguments regarding the applicability of sovereign immunity and House Rule VIII obtain only if the Federal Court properly holds jurisdiction for removal pursuant to 28 U.S.C. § 1442.")); *see Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005) (holding that a party seeking relief against the federal government has the "burden to show that an unequivocal waiver of sovereign immunity exists"). The doctrine of sovereign immunity precludes this court—and, of course, the state court from which this court derives its jurisdiction in this proceeding—not only from exercising jurisdiction to compel Russell to comply with the subpoena over his objections to it, but also the authority to review and set aside the objections and the House rule pursuant to which they were made. *See Boron Oil Co.*, 873 F.2d at 70.

IT IS THEREFORE ORDERED as follows:

1. The motion by Russell to quash (D.E. 4) is ALLOWED and the subpoena is QUASHED.

---

[3] The House Rules for the current Congress, the One Hundred Thirteenth, can be found at: http://clerk.house.gov/legislative/house-rules.pdf.

2. Defendant's motion to quash (D.E. 14) is DENIED AS MOOT.

3. Plaintiff's motion to compel (D.E. 9) is DENIED.[4]

This the 9th day of April 2013.

_____
James E. Gates
United States Magistrate Judge

---

[4] See n. 2 above regarding the disposition of defendant's motion to correct the docket sheet.